## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MATTHEW WHITFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| LYDALL INC., MARC T. GILES, SARA A. | ) | |
| GREENSTEIN, DAVID G. BILLS, JAMES | ) | |
| J. CANNON, PAUL W. GRAVES, | ) | |
| SUZANNE HAMMETT, and KATHERINE | ) | |
| C. HARPER, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on June 21, 2021 (the "Proposed Transaction"), pursuant to which Lydall Inc. ("Lydall" or the "Company") will be acquired by Unifrax I LLC ("Unifrax"), Unifrax Holding Co. ("Parent"), and Outback Merger Sub, Inc. ("Merger Sub").

2.      On June 21, 2021, Lydall's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Unifrax, Parent, and Merger Sub.  Pursuant to the terms of the Merger Agreement, Lydall's stockholders will receive $62.10 in cash for each share of Lydall common stock they own.

3.      On July 21, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.   Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Lydall common stock.

9.      Defendant Lydall is a Delaware corporation and a party to the Merger Agreement. Lydall's common stock is traded on the New York Stock Exchange, which is headquartered in New York, New York, under the ticker symbol "LDL."

10. Defendant Marc T. Giles is Chairman of the Board of the Company.

11. Defendant Sara A. Greenstein is President, Chief Executive Officer, and a director of the Company.

12. Defendant David G. Bills is a director of the Company.

13. Defendant James J. Cannon is a director of the Company.

14. Defendant Paul W. Graves is a director of the Company.

15. Defendant Suzanne Hammett is a director of the Company.

16. Defendant Katherine C. Harper is a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

18. Lydall delivers value-added engineered materials and specialty filtration solutions that promote a cleaner, safer, and quieter world.

19. With global manufacturing operations, Lydall partners with customers to develop bespoke, high-performing, and efficient solutions that are adaptable and scalable to meet their needs.

20. On June 21, 2021, Lydall's Board caused the Company to enter into the Merger Agreement.

21. Pursuant to the terms of the Merger Agreement, Lydall's stockholders will receive $62.10 in cash per share.

22. According to the press release announcing the Proposed Transaction:

Unifrax, a leading global provider of high-performance specialty materials focused on thermal management, specialty filtration, battery materials, emission control and

3

fire protection applications backed by Clearlake Capital Group, L.P. ("Clearlake"), today announced it has signed definitive agreements to acquire Lydall, Inc. (NYSE: LDL, "Lydall" or the "Company"), a leader in the design and production of specialty filtration materials and advanced material solutions. With its leading technologies and 23 manufacturing facilities around the world, Lydall is well positioned to capitalize on growth in clean air filtration and electric vehicle adoption, among many other attractive markets. Under the terms of the agreement, Lydall shareholders will receive $62.10 per share in cash for each share outstanding, implying a total enterprise value of approximately $1.3 billion. . . .

Advisors

Morgan Stanley & Co. LLC acted as lead financial advisor, J.P. Morgan acted as financial advisor, and Kirkland & Ellis acted as legal counsel to Unifrax in the transaction. BofA Securities is acting as exclusive financial advisor, and Davis Polk & Wardwell LLP is acting as legal counsel to Lydall in connection with the transaction.

Approvals and Timing

The transaction, which has been approved by the boards of directors of both companies, is expected to close in the second half of 2021 subject to the receipt of required regulatory approvals, approvals of Lydall stockholders and other customary closing conditions

### The Proxy Statement Omits Material Information, Rendering It False and Misleading

23.    Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

24.    As set forth below, the Proxy Statement omits material information.

25.    First, the Proxy Statement omits material information regarding the Company's financial projections.

26.    With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate the projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

27.    The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

28.    Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, BofA Securities ("BofA").

29.    With respect to BofA's Selected Public Companies Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed by BofA in the analysis.

30.    With respect to BofA's Selected Precedent Transactions Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the transactions observed by BofA in the analysis.

31.    With respect to BofA's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values; (ii) the individual inputs and assumptions underlying the discount rates; (iii) BofA's basis for selecting the multiples used in the analysis; and (iv) all line items used to calculate unlevered free cash flow.

32.    With respect to BofA's analysis of price targets, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

33.    When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

34.    The omission of the above-referenced material information renders the Proxy Statement false and misleading.

35.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated
Thereunder Against the Individual Defendants and Lydall**

36.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Lydall is liable as the issuer of these statements.

38.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

39.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

40.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

41.     The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

42.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

43.     Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants**

44.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45.     The Individual Defendants acted as controlling persons of Lydall within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Lydall and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

46.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

48.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

49.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 23, 2021                    **RIGRODSKY LAW, P.A.**

                              By:   */s/ Gina M. Serra*
                                    Seth D. Rigrodsky
                                    Timothy J. MacFall
                                    Gina M. Serra
                                    Vincent A. Licata
                                    825 East Gate Boulevard, Suite 300
                                    Garden City, NY 11530
                                    Telephone: (516) 683-3516
                                    Email: sdr@rl-legal.com
                                    Email: tjm@rl-legal.com
                                    Email: gms@rl-legal.com
                                    Email: vl@rl-legal.com

                                    *Attorneys for Plaintiff*